**UNITED STATES of America, Plaintiff,**

v.

**Lorenza BENEFIELD, Sr., Defendant.**

**No. CRIM.A.88–HM–235–S.**

United States District Court, N.D. Alabama, Southern Division.

Sept. 19, 2002.

Russelle L. Hubbard, Alabaster, AL, for defendant.

### *MEMORANDUM OPINION*

ACKER, District Judge.

On August 27, 2002, the United States of America, pursuant to 18 U.S.C. § 3573, filed a petition asking this court to remit the $940 balance of a $1,000 fine imposed on January 11, 1989, by Honorable E.B. Haltom, Jr. of this court on defendant, Lorenza Benefield, Sr. ("Benefield"), after a jury had found Benefield guilty of food stamp fraud. The sentence expressly conditioned Benefield's post-custodial probationary status upon his payment of a fine of $1,000 within six months of his release from custody. Benefield appealed to the Eleventh Circuit, which in an opinion published on December 6, 1989, affirmed both Benefield's conviction and his sentence. *United States v. Benefield,* 889 F.2d 1061 (11th Cir.1989).

The petition now under consideration, together with the reopened court file, reveal that Benefield clearly violated a central condition of his being outside instead of inside, but that his probationary period was allowed to expire without any objection being interposed by the United States. The current petition contains only two allegations, namely, "Plaintiff has been unable to locate defendant;" and "The cost to collect this debt will exceed any anticipated recovery."

If the United States thought its petition was self-proving and would be summarily granted without a hearing, it was mistaken. The court set the petition for hearing on September 12, 2002, and ordered the

court's probation office to produce Benefield's old pre-sentence report. That report reflects the following pertinent information that Judge Haltom had before him when he sentenced Benefield. In 1960, Benefield was convicted of gaming and paid a fine. In 1960, Benefield was convicted of disorderly conduct and paid a fine. In 1976, Benefield was convicted of possessing an illegal pistol and paid a fine. In 1984, Benefield was convicted of possessing stolen property and paid a fine. In 1985, Benefield was convicted of selling alcohol to a minor and was fined. Whether or not he paid the fine is not reflected. In 1988, Benefield was convicted of possessing alcohol for sale without a license and was fined. Whether or not he paid the fine is not reflected. The old pre-sentence report also contains the following interesting footnote: "This prior record should be considered incomplete as an FBI rap sheet has not yet been received on this defendant." If Benefield is alive, he knows about fines. He has paid a lot of them. Presumably, Judge Haltom took into consideration Benefield's experience with fines, his financial condition, and the other factors relevant to the fixing of this not exorbitant fine imposed as a reasonable alternative to a much longer period of incarceration.

If the United States has ever obtained a rap sheet on Benefield from the FBI, the rap sheet was not offered to this court. In fact, on September 12, 2002, the United States offered no evidence whatsoever with regard to its efforts, if any, to learn the whereabouts of Benefield, much less to collect the balance of the fine. It is, of course, entirely possible that Benefield is as indigent as he is absent, but there was nothing to prove it. The court takes judicial notice of two facts, namely, that the United States did not oppose the expiration of Benefield's probation without requiring him to pay his $940 delinquency,

and that the United States has not invoked 18 U.S.C. § 3614, which provides:

**Resentencing upon failure to pay a fine or restitution**

**(a) Resentencing.**—Subject to the provisions of subsection (b), if a defendant knowingly fails to pay a delinquent fine or restitution the court may resentence the defendant to any sentence which might originally have been imposed.

**(b) Imprisonment.**—The defendant may be sentenced to a term of imprisonment under subsection (a) only if the court determines that—

(1) the defendant willfully refused to pay the delinquent fine or had failed to make sufficient bona fide efforts to pay the fine; or

(2) in light of the nature of the offense and the characteristics of the person, alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence.

**(c) Effect of indigency.**—In no event shall a defendant be incarcerated under this section solely on the basis of inability to make payments because the defendant is indigent.

The statute which the United States has invoked is 18 U.S.C. § 3573. It provides:

Upon petition of the Government **showing that reasonable efforts to collect a fine or assessment are not likely to be effective,** the court may, **in the interest of justice**—

(1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties;

(2) defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule; or

(3) extend a date certain or an installment schedule previously ordered.

A petition under this subsection shall be filed in the court in which sentence was

originally imposed, unless the court transfers jurisdiction to another court. This section shall apply to all fines and assessments irrespective of the date of imposition.

(emphasis supplied).

If this statute had been passed by Congress only for the purpose of getting uncollectable fines off the books of the United States, it would be good public policy. An honest set of books is a good thing. Reflecting assets that are illusory is not good accounting practice. The failed National Fine Center experiment proved, if it proved nothing else, that the most sophisticated centralized bureaucratic collection organization, armed with the most sophisticated computer program, cannot operate as efficiently as a good collection lawyer in small claims court. The National Fine Center could not use 18 U.S.C. § 3614, not only because it was not authorized to indict a delinquent, but because there is something untoward about using criminal process to collect a "debt." The court takes note of the fact that this particular petition strangely describes Judge Haltom's criminal sanction as a **"debt"** and not as a **"fine."**

This court does not read § 3573 as a casual invitation to the United States simply to clean up the nation's books. In choosing the phrases, "reasonable efforts to collect... are not likely to be effective," and "in the interest of justice," Congress set up a requirement for **proof**, not beyond a reasonable doubt but by a preponderance of the evidence, of certain essentials. Whose responsibility is it to make sure that the Congressional mandate in § 3573 is complied with? The defendant, Benefield, who is conspicuously absent, has no interest in opposing this petition, that is, unless he should have decided to show up unannounced with a certified check for $940 in order to clean up his rap sheet. Apparently, the obligation to enforce com-

pliance with § 3573 is squarely on the court. The court must consider what constitutes a "reasonable effort" in a particular case, and to consider what constitutes "justice" in a particular case. In making such determinations of mixed questions of fact and law, the court must take into account the interest the public has in the cost effectiveness of publicly funded collection efforts and the public interest in assuring accountability for criminal conduct. An unpaid fine like this one is like buying your way out of jail with a rubber check. There is nothing in this record to indicate that Judge Haltom did not mean what he said when he absolutely and positively conditioned Benefield's release from jail upon his paying a $1,000 fine within six months.

It may be that Benefield is dead, or is incarcerated somewhere, or is institutionalized, or is indigent, or all of the above except "dead", which is an exclusive category. The court admits to having sneaked a look at the Birmingham telephone book and found a "Lorenzo Benefield, Jr." in it. If the United States Attorney has checked with "Junior," there was no evidence of it. At the minimum, a current FBI rap sheet on Benefield would have helped. The FBI presumably keeps up with its convicted felons.

Not having been satisfied that it would be "in the interest of justice" to remit a fine that Benefield has so cavalierly ignored for so long, and finding that United States has failed to meet its burden of proving that "reasonable efforts to collect the balance of the fine would not be effective," the petition to remit will be DENIED by separate order, but without prejudice to a similar petition's being filed if and when the United States can produce evidence to justify its refiling.