**UNITED STATES of America,**

v.

**Leo Charles SEARCY, III.**

**No. CR 95–AR–0103–E.**

United States District Court,
N.D. Alabama,
Eastern Division.

Nov. 10, 2003.

Sharon D Simmons, U.S. Attorney's Office, Birmingham, AL, for U.S. Attorneys.

## MEMORANDUM OPINION

ACKER, District Judge.

On May 2, 1995, an information was filed in this court against Leo Charles Searcy, III, charging him under 18 U.S.C. § 1343 with wire fraud involving thirty-two (32) victims. After the execution of a written plea agreement in which the thirty-two victims were listed and their respective losses itemized, totaling $22,114.93, the Clerk, at the court's direction, mailed, by certified mail, the following notice to each of the thirty-two victims:

> You are hereby notified that you will have no right to appeal from any order regarding your possible claim for restitution under the Victim and Witness Protection Act of 1982. Attached hereto is a copy of the opinion by the Court of Appeals for the Eleventh Circuit on February 12, 1993, styled *United States v. Johnson*, 983 F.2d 216 (11th Cir.1993). It should demonstrate for you that the Victim and Witness Protection Act is a toothless tiger. You may wish to consult a private attorney in this matter because the United States Attorney usually finds himself in a conflict of interest and cannot fully represent both the alleged victim and the United States.
>
> The consent docket in this case is scheduled on June 23, 1995, at 1:00 P.M. If a plea of guilty is not entered, the trial is scheduled for July 5, 1995, at 9:00 A.M. Restitution issues will not be decided until sentencing if guilt is adjudicated.

On June 23, 1995, Searcy entered a plea of guilty. No victim appeared or filed any objection to the plea agreement, which contemplated restitution. After the usual plea colloquy, during which all bases were covered, including the mandatory reference to mandatory restitution, and without objection by Searcy, the court sentenced Searcy to five years of probation. That sentence, subsequently reduced to writing, ordered Searcy to make restitution "in the total amount of $22,114.93 (with no interest)," and imposed the standard conditions of probation, plus the following special conditions:

(1) The defendant shall perform 100 hours of community service as directed by the probation officer.

(2) The defendant shall serve six months home detention, which may include electronic monitoring as directed by the probation officer.

(3) The defendant shall pay the restitution ordered on a payment plan of not less than $200 per month, unless modified by the probation officer for good cause shown. The restitution must be paid in full by the end of the supervision period.

What, if any, restitution Searcy, in fact, paid during his probationary period, does not appear from the record. There is no indication of any purported modification by Searcy's probation officer of the minimum $200 monthly restitution payment, and no petition for revocation of Searcy's probationary status was ever filed. It would appear, then, that Searcy's probationary sentence was completed on June 23, 2000, and that he is a free man, discharged from all obligations arising from the sentence, including the obligation to pay restitution.

The United States never informed the court that Searcy's probationary period was about to expire without his having fulfilled his **mandatory** obligation to pay his **mandatory** restitution **in full**. If Searcy still owed restitution on June 23, 2000, he was clearly in violation of the clear provision of this court's solemn sentencing order, which required restitution to "be paid in full by the end of the supervision period." Of course, this court was not in a position to revoke Searcy for noncompliance unless somebody monitored and reported his compliance or non-compliance. The court cannot, on its own, keep up with whether a convict's period of supervision is about to expire with an unpaid restitution balance. The time for the court to act, if any action was called for, was on or before June 23, 2000.

On July 15, 2003, the United States filed the following paper:

### SATISFACTION OF JUDGMENT

A judgment was entered in this case on June 23, 1995, in the sum of $22,164.93 plus interest and costs, in favor of the plaintiff and against the defendant Leo C. Searcy.

You are authorized and requested to mark and enter a record of same as follows:

"Liability to pay has expired."

This paper was not accompanied by a brief, or by a declaration, or by any certification that a notice of an intention to satisfy this judgment had been served on any interested party, such as Searcy's thirty-two victims. Not knowing what to make of the "authorization" and "request" presented to the Clerk by the United States Attorney, the Clerk asked this court what to do. The Clerk correctly doubted that the United States had the power to authorize and direct the Clerk to enter a "satisfaction of judgment" if the judgment had not, in fact, been fully paid. The court orally instructed the Clerk to do nothing. The Clerk did nothing.

Identical purported "satisfactions of judgment" were contemporaneously filed by the United States Attorney in numerous old criminal cases in which restitution orders had been entered by the undersigned and by other judges of this court. There is nothing in any of the court files in these cases to suggest that any of the victims were notified of a Justice Department program to "satisfy" or to discharge these or other old unpaid criminal obligations.

On October 27, 2003, the United States filed the following motion:

### MOTION TO SET ASIDE SATISFACTION OF JUDGMENT

Comes now the United States of America by and through its counsel, Alice H. Martin, United States Attorney, and Sharon D. Simmons, Assistant United States Attorney, and states that on July 15, 2003, the United States of America erroneously filed a Satisfaction of Judgment in this case. Plaintiff respectfully requests this Honorable Court to set aside the Satisfaction of Judgment improvidently filed in this case.

This court has never been shy about expressing its belief that the Mandatory Victim Restitution Act ("MVRA") is unconstitutional. This court thought that the Victim and Witness Protection Act of 1982 ("VWPA") was unconstitutional before Congress tinkered with it, trying to answer this court's and other courts' unanswerable criticisms of it. See *United States v. Welden,* 568 F.Supp. 516 (N.D.Ala.1983), *rev'd sub nom. United States v. Satterfield,* 743 F.2d 827 (11th Cir.1984), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985). More than once this court has undertaken to

prove that the MVRA (18 U.S.C. §§ 3563, 3572, 3612, 3613(a), 3663(a), and 3664) is so crazy that it fails all tests of constitutionality. At the same time, the court has expressed its deepest sympathy for the attorneys who are charged by the MVRA with simultaneously representing victims, whose interest is in recouping their losses, and the general public, whose interest is in getting criminals off the streets and out of the board rooms. The court has also expressed its deepest sympathy for those same attorneys who are charged by the MVRA with the duty to do the embarrassingly impossible, namely, to collect judgments that any intelligent creditor would either "write off" or would never put on the books in the first place.

This court will not repeat here what it said *ad nauseum* in *United States v. Kemp*, 938 F.Supp. 1554 (N.D.Ala.1996), in *United States v. Bishop*, 228 F.Supp.2d 1306 (N.D.Ala.2002), and in *United States v. Benefield*, 223 F.Supp.2d 1252 (N.D.Ala. 2002). These three opinions, read as a trilogy, state the reasons why the criminal justice system should quit deluding itself. These opinions may also provide justification for the United States Attorney's filing of her papers now being withdrawn. This court cannot help but admire the United States Attorney for trying to clear ridiculous restitution balances off her books. Any pretension that Searcy will ever pay what he stole from his thirty-two victims would make good material for a sit-com. It would not need canned laughter to make it funny. While the United States Attorney's abortive effort to acknowledge reality is admirable, Congress has thus far refused to authorize reality. There is simply no procedure for entering something saying "liability to pay has expired," whether that liability was created under the discontinued VWPA or under the currently applicable MVRA.

The intolerable restitution collection problem brings to mind the $515 million restitution order imposed upon the West Virginia gentleman when he was being sentenced to 12½ years in prison. This court laughed with the world at that incident in *United States v. Bishop, supra*, 228 F.Supp.2d at 1310. No doubt some future United States Attorney in West Virginia would appreciate being able to file a paper saying "liability to pay has expired" and to forget about looking for $515 million. Any attorney who undertakes the task of representing the United States and its agencies would prefer to devote his or her time to productive matters.

The possibility that Congress will embrace reality on this subject seems remote, particularly when "victims rights" advocates are busily lobbying Congress for legislation to require that victims be notified and given the right to speak at sentencing hearings. As of now, Congress expects the United States to collect from Searcy, and to disburse to his victims, this particular $22,164.93, and nobody (certainly not the United States) has asked this court to hold that mandatory victim restitution is unconstitutional, something this court has already done three times, twice without appellate intervention.

If the United States had asked this court straight forwardly to relieve it of the obligation to get blood out of a turnip, this court would have tried to find a way to provide relief. As it stands, the motion of the United States Attorney to set aside her almost brilliant "satisfaction of judgment," something she now says was both "erroneous" and "improvident," will be granted by separate order. The court hastens to say, however, that the "satisfaction of judgment" was no more "erroneous" and "improvident" than was this court's restitution order entered on June 23, 1995, wherein this court abdicated to Searcy's

probation officer the right to make reasonable adjustments to the payment schedule. See *United States v. Prouty,* 303 F.3d 1249, 1254 (11th Cir.2002).

Orders like the one being separately entered in this case will also be entered in all of the similar cases assigned to the undersigned.